** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Christopher Isley, Claimant–Appellant,

v.

CURRENCY U.S. $38,167.00, Defendant.

No. 04–17457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Feb. 20, 2007.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Frank T. Vecchione, Esq., Richard M. Barnett, Esq., Law Offices of Anthony E. Colombo Jr., San Diego, CA, for Claimant-Appellant.

Before: CANBY and THOMAS, Circuit Judges, and CONLON *, District Judge.

MEMORANDUM **

In this civil forfeiture proceeding, Christopher Isley appeals the district court's denial of his motion to suppress evidence and the district court's order granting summary judgment to the government. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here in detail.

The district court issued its decision construing the facts in the light most favorable to Isley.[1] Specifically, the district court assumed that the searching officer, Sargent Gary Guthrie, did not detect the marijuana odor during the protective sweep, that Guthrie and all other officers

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. It is possible, as the government urges, to read the district court's decision differently. However, the thrust of the decision was to decide, as a matter of law, that the result would not change even if the disputed facts were resolved in Isley's favor.

left Isley's home after the sweep was completed, that Guthrie reentered the home ten to fifteen minutes after the sweep, that Isley left for the hospital before Guthrie's second entry, that Guthrie detected and observed marijuana in the home when he entered the second time, and that Guthrie obtained Deona's consent to search only after his second entry. For the purposes of this appeal, we will assume the same set of facts.

The central issue on appeal, thus, is whether a *second* entry into Isley's home was reasonable under the emergency exception to the Fourth Amendment's warrant requirement. *See United States v. Cervantes,* 219 F.3d 882, 888 (9th Cir.2000) (holding that warrantless entry is reasonable if the police have a reasonable ground to believe that their assistance is necessary to preserve life or property and have probable cause to believe that the location entered is associated with the emergency); *Brigham City, Utah v. Stuart,* —— U.S. ——, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (holding that a third factor listed in *Cervantes,* the officer's subjective motivation for entering, is not constitutionally relevant). The district court upheld the second entry under *Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), which held that firefighters may remain in and return to the scene of the fire for a reasonable amount of time in order to investigate the fire's cause. The district court's reliance on *Tyler* was misplaced.

In a case that was decided less than a month after *Tyler,* the Supreme Court decided that the police may not enter a home ten minutes after an emergency in order to investigate the crime that gave rise to the emergency. *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). The *Mincey* opinion, at least by implication, makes it clear that the *Tyler*

logic applies uniquely to firefighters, who must discover and eliminate the cause of a fire in order to prevent it from reigniting. Police, by contrast, may not remain at the scene of an emergency to investigate criminal activity unless they obtain a warrant. *See United States v. Russell,* 436 F.3d 1086 (9th Cir.2006) (holding that entry was necessary to quell, not to investigate, an emergency); *United States v. Martinez,* 406 F.3d 1160 (9th Cir.2005) (same).

In this case, the district court assumed that Guthrie entered Isley's home *after* the officers had located and treated all victims and had secured the home against further attack. In other words, by the time of Guthrie's second entry, the emergency had passed. The emergency doctrine, therefore, is inapplicable, and the district court erred in relying upon it to justify denial of the suppression motion. Because the government concedes that summary judgment would have been inappropriate if the motion to suppress had been granted, we also reverse and remand the order granting summary judgment.

In remanding this case to the district court, we do not express any view as to the constitutionality of the search under a different factual assumption or finding, or under any different legal theory. Those issues remain open for the district court's consideration in the first instance on remand.

**REVERSED and REMANDED.**